IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


BRENDA LIKELY,
  Petitioner,

vs.              Case No.:  3:11cv187/LAC/EMT

SEC'Y, DEP'T OF CORR.,
  Respondent.
_____/

## REPORT AND RECOMMENDATION

  Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record  (docs. 18, 20).  Petitioner was provided an opportunity to file a response to the motion (*see* doc. 19), but has not done so.

  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.  BACKGROUND AND PROCEDURAL HISTORY

  The relevant procedural history of this case is established by the state court record (doc. 20). Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2008-CF-1265, with one count of felony petit theft, a third degree felony (Ex. B).  Petitioner pleaded guilty to the charge (Ex. C).  On June 25, 2009, she was adjudicated guilty and sentenced to sixty-nine (69)

months of imprisonment with pre-sentence jail credit of 1 day (Ex. I, Attach. 1).[1]  Petitioner did not seek direct review of the judgment (*see* doc. 18 at 3–4).

On July 24, 2009, Petitioner filed a motion to reduce sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. F).  The state circuit court denied the motion in an order rendered August 4, 2009 (Ex. G).

On October 30, 2009, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. H).[2]   The state circuit court denied the motion in an order rendered November 16, 2009 (Ex. I).  Petitioner did not seek review of the decision (*see* doc. 18 at 5).

On February 12, 2010, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. J at 1–9).  The state circuit court summarily denied the motion on April 26, 2010 (*id.* at 10–11).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-2570 (Ex. K).  The appellate court affirmed per curiam without written opinion on August 5, 2010, with the mandate issuing August 31, 2010 (Exs. M, N).  Likely v. State, 41 So. 3d 896 (Fla. 1st DCA 2010) (Table).

Petitioner filed her federal habeas petition on April 14, 2011 (doc. 1).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

---

[1] Petitioner's sentence exceeded the statutory maximum by nine (9) months due to her prior convictions, which were undisputed (*see* Ex. C, Ex. I).

[2] Petitioner's motion does not indicate when she signed it or provided it to prison officials for mailing (Ex. H). Therefore, the "mailbox rule" does not appear to apply in this case, and the motion would be deemed filed when it was received by the clerk of court, November 3, 2009. However, because the envelope in which Petitioner mailed the motion indicates that it was mailed from the prison on October 30, 2009 (Ex. H), the court will give Petitioner the benefit of that date.  Respondent does not appear to oppose giving Petitioner the benefit of this extra four days (*see* doc. 18 at 5).

Case No. 3:11cv187/LAC/EMT

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date Petitioner's conviction became final (doc. 18 at 3–4). Petitioner does not contend, nor do the allegations in her petition suggest, that any of the statutory triggers set forth in § 2244(d)(1)(B–D) apply. Therefore, the statute of limitations will be measured from the date the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).

The judgment and sentence in Petitioner's case was rendered June 25, 2009. That judgment became final thirty (30) days later, on July 26, 2009.[3,] *See* Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Hampton v. State, 837 So. 2d 611 (Fla. 5th DCA 2003) (when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered); Davis v. State, 693 So. 2d 700 (Fla. 2d DCA 1997) (judgment and sentence become final when 30-day period to file notice of appeal expires); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal the

---

[3] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal. In the instant case, the written order imposing the judgment and sentence was rendered on June 25, 2009. *See* Fla. R. App. P. 9.020(h) (order is rendered when signed, written order is filed with clerk of lower tribunal). The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on June 26, 2009. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was July 26, 2009.

conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires). Petitioner had one year from that date, or until July 26, 2010, to file her § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file her federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On July 24, 2009, before Petitioner's conviction was final, she filed a Rule 3.800(c) motion. Arguably, this motion was not a tolling motion. *See* Baker v. McNeil, No. 09–14438, 2011 WL 3612035, at *2–3 (11th Cir. Aug. 17, 2011) (unpublished), *cert denied*, 132 S. Ct. 1633 (2012). However, giving Petitioner the benefit of tolling for this motion, as Respondent has done in its calculation (doc. 18 at 5), the motion was pending until August 4, 2009, the date the state circuit court denied it. *See* Reyes v. State, 79 So. 3d 151, 152 (Fla. 3d DCA 2012) (trial court's order denying Rule 3.800(c) motion on the merits is not appealable; therefore, appellate court has no jurisdiction to review decision); Winslow v. State, 37 So. 3d 974 (Fla. 1st DCA 2010) (same); Walters v. State, 994 So. 2d 1230 (Fla. 2d DCA 2008) (same); Adams v. State, 800 So. 2d 741 (Fla. 5th DCA 2001) (same).

On October 30, 2009, after **86 days** of the federal limitations period ran, Petitioner filed a Rule 3.800(a) motion. Respondent concedes this was a tolling motion (doc. 18 at 5). The motion was pending until December 17, 2009, the date the time expired for appealing the November 16, 2009 order denying the motion. *See* Fla. R. App. P. 9.141(b), 9.110(b); *cf.* Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006) (holding that a post-conviction application remains

"pending" until the time to seek appellate review expires if a petitioner does not file a notice of appeal).[4]

On February 12, 2010, after another **56 days** of the federal limitations period expired, Petitioner filed a Rule 3.850 motion. Respondent concedes this was a tolling motion (doc. 18 at 5). The motion was pending until August 31, 2010, upon issuance of the First DCA's mandate affirming the lower court's denial of the motion. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period expired **223 days** later, on April 12, 2011 (**86 days + 56 days + 223 days = 365 days**). Petitioner's federal petition, filed April 14, 2011, was thus untimely.

Petitioner asks the court to equitably toll the limitations period (doc. 1 at 8). A petitioner is entitled to equitable tolling of the federal limitations period if she shows "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace, 544 U.S. at 418) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in Holland, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition. *See* San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing Lawrence, 421 F.3d at 1226–27). "The

---

[4] Respondent's calculation of statutory tolling does not allow Petitioner the benefit of the 30-day period for appealing the order of dismissal (*see* doc. 18 at 5). Respondent has not cited legal authority for the proposition that a Florida defendant may not seek review of such an order, and this court has found none. Because the issue is not dispositive, the court will give Petitioner the benefit of every doubt and assume (without deciding) that her Rule 3.800(a) motion was "pending" until the time to seek appellate review of the denial order expired.

Case No. 3:11cv187/LAC/EMT

diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin, 633 F.3d at 1268 (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id.* (citations omitted).

In the instant case, Petitioner alleges she is mentally incompetent (doc. 1 at 4, 6, 8). She states she has a prior history of being committed to mental institutions (*id.*). She further states she lacks basic reading, writing, and comprehension skills, and her "TABE scores" are 5.4 (*id.*). She states she had to rely on the assistance of inmate law clerks to assist her in the preparation and filing of her post-conviction applications (*id.*). She contends she exercised "as much diligence as she can" to meet the federal deadline (*id.* at 8).

Illiteracy is not considered an extraordinary circumstance or external factor that may excuse the procedural requirements a prisoner encounters when seeking federal habeas relief. *See* Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (lack of education does not constitute ground to excuse delay in meeting procedural deadline); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (holding that illiteracy of pro se prisoner not sufficient cause to avoid procedural bar).

Additionally, in Lawrence, the Eleventh Circuit addressed the issue of whether a petitioner's "mental incapacity" may, under certain circumstances, justify equitable tolling of the one-year limitations period. 421 F.3d at 1226–27. The petitioner in Lawrence stated that his full scale IQ was 81 and he had "suffered from mental impairments his entire life." *Id.* at 1227. The Eleventh Circuit concluded that these contentions, alone, were "insufficient to justify equitable tolling" because they did not establish a "causal connection between [the petitioner's] alleged mental incapacity and his ability to file a timely petition." *Id.* at 1226–27.

In the instant case, the record shows that Petitioner was examined for competency in the trial court, and the competency evaluator concluded she was competent to proceed (*see* Ex. C at 4). Additionally, although Petitioner alleged in her Rule 3.800(c) motion that she had been diagnosed with bipolar disorder with psychotic features and schizophrenia, she acknowledged she was not

taking her prescribed medications at the time she committed the offense, which caused her to be unable to appreciate the criminal nature of her conduct (Ex. F). Further, when the trial court accepted Petitioner's guilty plea, the court asked her whether she was taking her medication at the time of her plea, and she stated she was (Ex. C at 3). The court asked whether the medication was "helping [her] to make good decisions at this point," and she responded affirmatively (*id.*).

Petitioner has not submitted any evidence to this court which documents her alleged illiteracy, mental incompetence, or mental impairments—whether caused by a failure to take prescribed medications or otherwise—during the time the federal limitations period was running. Moreover, she does not allege that she made any attempt, even through inmate law clerks, to ascertain the federal deadline or to file her federal petition on time. Moreover, she does not allege that she made any attempt, even through inmate law clerks, to ascertain the federal deadline or to file her federal petition on time. Notably, she allowed over seven months to elapse between the final disposition of her last state post-conviction motion and the filing of her federal petition, with no explanation for the delay. *See, e.g.*, Bell v. Sec'y, Dept. of Corrections, 248 Fed. Appx. 101, 104–05 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired);[5] Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims."). In the absence of any evidence showing a causal connection between Petitioner's alleged mental impairments and her ability to file a timely § 2254 petition, she has failed to demonstrate entitlement to equitable tolling.

Petitioner additionally argues she is entitled to review of her claims through the "actual innocence" gateway (doc. 1 at 7–8). An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See*

---

[5] The undersigned cites Bell only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995)). To be credible, "such a claim requires [a] petitioner to support [her] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

In the instant case, Petitioner alleges her niece, Shalonda Moultrie, was the actual perpetrator of the theft (doc. 1 at 3, 5). She alleges Ms. Moultrie asked her (Petitioner) to drive her to the store, and Petitioner agreed (*id.*). Petitioner alleges she waited in the car while Ms. Moultrie went into the store (*id.*). Petitioner states Ms. Moultrie returned to the car a short time later, and as Petitioner was backing the car out of the parking spot, mall security blocked her exit (*id.*). She states the security officer asked Ms. Moultrie to step out of the car and then questioned her (*id.*). Petitioner states it was evident that the police were called to the scene to arrest Ms. Moultrie (*id.*). She additionally alleges Ms. Moultrie informed store officials and law enforcement that Petitioner did not know she (Moultrie) intended to commit a crime (*id.*). Petitioner argues she pleaded guilty to the charge because her attorney failed to inform her of the elements of the charge, failed to investigate her viable defense and assumed she was guilty based upon her prior criminal record, and led her to believe she would be found guilty based upon her criminal record, which included crimes involving fraud (*id.*). Petitioner argues a jury would have acquitted her if she had gone to trial and the jury had heard Ms. Moultrie's testimony (*id.*).

Petitioner has failed to support her allegations with any reliable evidence. Indeed, she has not provided any evidence, for example, an affidavit from Ms. Moultrie, showing that Ms. Moultrie would have testified to the facts alleged by Petitioner. Additionally, the court notes that in Petitioner's motion to reduce sentence filed with the trial court, she admitted she committed the theft (Ex. F). Petitioner filed that motion with a signed declaration, made under penalties of perjury, that the facts stated in the motion were true (*id.*). Therefore, Petitioner failed to make a colorable, threshold showing of actual innocence.

III.  CONCLUSION

Petitioner filed her § 2254 petition after the one-year federal limitations period expired, even considering the tolling effect of properly filed applications for state post-conviction relief filed prior

to expiration of the federal limitations period. Further, Petitioner failed to demonstrate she is entitled to equitable tolling of the limitations period, or that she is entitled federal review of her claims through any recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Respondent's motion to dismiss (doc. 18) be **GRANTED**.

2.   That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice** as untimely.

3.   That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19<u>th</u> day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).